In re Petition for DISCIPLINARY ACTION AGAINST Theresa A. FREEMAN, a Minnesota Attorney, Registration No. 150848.

No. A12–0740.

Supreme Court of Minnesota.

Nov. 14, 2012.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and a supplementary petition for disciplinary action alleging that respondent Theresa A. Freeman committed professional misconduct, namely, neglect of multiple client matters, failure to communicate with multiple clients, failure to return client property, failure to return unused or unearned portions of client funds to multiple clients, failure to put client funds in trust when a client disputed whether respondent was entitled to the funds, misrepresentations to multiple clients and the Director, and failure to cooperate with multiple disciplinary investigations, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.15(b), 1.15(c)(4), 1.16(d), 8.1(a) and (b), 8.4(c), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives her procedural rights under Rule 14, RLPR, withdraws the answer she previously filed to the petition, and unconditionally admits the allegations of the petition and supplementary petition. The parties jointly recommend that the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for a minimum of six months. In their stipulation for discipline, the parties indicate that respondent raised several issues in mitigation to the Director, including that respondent has mental health issues that were occurring at the time of her misconduct and that respondent was experiencing extreme personal stress during the time of her misconduct.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Theresa A. Freeman is indefinitely suspended from the practice of law, effective 14 days from the date of filing of this order, with no right to petition for

reinstatement for a minimum of six months from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)–(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination, satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR, proof that respondent's psychological illness is under control and that she is fit to practice law, and proof that respondent has returned all unused or unearned fees to the clients referenced in the petition for disciplinary action and the supplementary petition for disciplinary action. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/
Alan C. Page
Associate Justice