IN RE Petition for DISCIPLINARY ACTION AGAINST Theresa A. FREEMAN, a Minnesota Attorney, Registration No. 0150848.

### A17-0712

Supreme Court of Minnesota.

Dated: October 31, 2017

### ORDER

In November 2012, we indefinitely suspended respondent Theresa A. Freeman from the practice of law with no right to petition for reinstatement for a minimum of 6 months. *In re Freeman*, 822 N.W.2d 663, 663-64 (Minn. 2012) (order). Respondent remains suspended.

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent committed professional misconduct warranting public discipline by failing to cooperate with the Director's investigations into her conduct and interfering with the Director's investigations of two other attorneys. *See* Minn. R. Prof. Conduct 8.1(b), 8.4(c)-(d); Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The parties filed a stipulation for discipline. In it, respondent waives her rights under Rule 14, RLPR, and unconditionally admits the allegations in the petition. The parties recommend that the appropriate discipline is an extension of respondent's suspension for an additional 18 months. The parties further recommend that, because respondent received a passing score on the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility after her 2012 suspension, we allow her to be reinstated without successfully completing this examination again. *See* Rule 18(e)(2),

RLPR ("No lawyer ordered reinstated ... after having been suspended ... and after petitioning for reinstatement ... shall be effectively reinstated until the lawyer shall have successfully completed such written examination ... required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.").

We have independently reviewed the file. We approve the suspension recommended by the parties, but we will not allow respondent's previous successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility to satisfy the requirements of Rule 18(e)(2), RLPR. Before being reinstated, respondent must successfully complete this requirement again.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The suspension of respondent Theresa A. Freeman is extended and respondent has no right to petition for reinstatement for 18 months from the date of this order.

2. Respondent may petition for reinstatement under Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, see Rule 18(e)(2), RLPR; satisfaction of continuing legal education requirements, see Rule 18(e)(4), RLPR; proof that respondent's psychological illness is under control and that she is fit to practice law; and proof that respondent has returned all unused or unearned fees to the clients referenced in the 2012 petition for disciplinary action and the 2012 supplementary petition for disciplinary action.

3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs and $110 in disbursements under Rule 24, RLPR.

BY THE COURT:

/s/ ————————————————

David R. Stras
Associate Justice